Filing # 95076120 E-Filed 08/30/2019 07:32:53 PM

|  |  |
|---|---|
| MIKE GILBERT,<br><br>    Plaintiff,<br>v.<br><br>COMFORT KEEPERS HOME CARE,<br>LLC., a Foreign Limited Liability Company;<br>SODEXO, INC., a Foreign Limited<br>Liability Company; SDX HOME CARE<br>OPERATIONS, LLC, d/b/a COMFORT KEEPERS,<br>a Foreign Limited Liability Company; and,<br>CK FRANCHISING, INC., a foreign corporation<br><br>    Defendants.<br>_____/ | IN THE CIRCUIT COURT OF THE<br>EIGHTEENTH JUDICIAL CIRCUIT,<br>IN AND FOR SEMINOLE COUNTY,<br>FLORIDA<br><br>CASE NO.: 2019-CA-002724-16K-L |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MIKE GILBERT, by and through his undersigned counsel, and hereby sues COMFORT KEEPERS HOME CARE, LLC., SODEXO, INC., SDX HOME CARE OPERATIONS, LLC, d/b/a COMFORT KEEPERS, and CK FRANCHISING, INC. (hereinafter "Defendants"), and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages by Plaintiff against Defendants for retaliation and failure to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. This is an action for damages that exceeds $15,000.00, exclusive of costs and attorney fees. Venue is proper in this Court because Defendants conduct business in Orange County, Florida, and the acts and omissions giving rise to this action occurred in Orange County, Florida.

### PARTIES AND FACTUAL ALLEGATIONS

3. Plaintiff is an individual *sui juris*, residing in Seminole County, Florida.

1

4. At all relevant times to the instant action, Plaintiff was employed by Defendants and was an employee of Defendants as defined by § 203(e) of the FLSA.

5. Plaintiff was employed by Defendant from on or around September 1, 2017 through on or around June 1, 2018.

6. Plaintiff's job title was an Internal Case Coordinator. As an Internal Case Coordinator, Plaintiff's job duties included scheduling and billing.

7. Defendants are enterprises engaged in commerce with an annual gross business of $500,000.00 or more.

8. At all relevant times to the instant action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 2.03(S)(i). In addition, Plaintiff was performing work and in doing so was engaged in commerce or the production of goods for commerce.

9. At all relevant times to the instant action, Defendants employed Plaintiff and were employers of Plaintiff as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of 29 U.S.C. §§ 215 and 216.

10. Throughout her employment with Defendants, Plaintiff regularly worked hours in excess of forty (40) hours in a workweek, but he was not compensated for all hours worked over forty (40) hours at a rate not less than one and a half times his regular rate of pay.

11. Plaintiff complained to Defendants about its unlawful wage and hour practices, including Defendants' failure to pay overtime.

12. Shortly after Plaintiff's complaints, Plaintiff was terminated from his position with Defendants.

13. Defendants failed to compensate Plaintiff at a rate of not less than one and one-half (1.5) times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

14. Defendants are liable pursuant to 29 U.S.C. §§ 201 *et seq.* for failing to properly compensate Plaintiff for all hours worked in excess of forty (40) hours in a workweek.

15. Defendants also intentionally retaliated against Plaintiff because Plaintiff requested payment for overtime hours, complained about Defendants' failure to pay overtime, and desired to exercise his rights under the FLSA.

16. Plaintiff has retained LYTLE & BARSZCZ to represent him in this instant action and has agreed to pay said firm reasonable attorney fees for its services.

### COUNT I
### Unpaid Overtime in Violation of the FLSA

17. Plaintiff alleges and incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

18. Pursuant to §§ 201 *et seq.* of the FLSA, Defendants are required to pay Plaintiff for all hours worked in excess of forty (40) hours in a workweek at a rate of not less than one and one-half (1.5) times her regular rate of pay.

19. Plaintiff was an employee of Defendants as defined by the FLSA.

20. Defendants were employers of Plaintiff as defined by the FLSA.

21. Plaintiff regularly worked in excess of forty (40) hours in a workweek while employed by Defendants.

22. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours Plaintiff worked in excess of forty (40) hours in a workweek in violation of the FLSA.

23. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover damages in the amount of the overtime pay due and owing, an equal amount as liquidated damages, and attorneys' fees, costs and interest.

### COUNT II
### FLSA Retaliation

24. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 16 as set forth herein.

3

25. Defendants retaliated against Plaintiff for engaging in activity protected under the FLSA by taking unwarranted actions against him and terminating his employment.

26. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer loss of earnings, and other employment benefits and job opportunities. The losses are continuing, and Plaintiff will suffer these losses in the future.

27. The actions of Defendants were in violation of Plaintiff's protected rights under the FLSA.

28. As a result of Defendants' unlawful actions, Plaintiff is entitled to recover back pay, front pay, general and compensatory damages, an equal amount as liquidated damages, and attorney's fees and costs and interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a) Back pay, front pay and general and compensatory damages;

b) Unpaid overtime;

c) Liquidated damages;

d) Prejudgment and post-judgment interest;

e) Attorneys' fees and costs of this action; and,

f) Such other relief this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 30th day of August, 2019.

/s/
**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581

4

**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney

Counsel for Plaintiff