# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIKE GILBERT,**

      **Plaintiff,**

**v.**                                                            Case No:   6:19-cv-2412-Orl-37LRH

**COMFORT KEEPERS HOME CARE, LLC, SODEXO, INC., SDX HOME CARE OPERATION, LLC and CK FRANCHISING, INC.,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO WITHDRAW AS COUNSEL AND REQUEST FOR EXTENSION OF TIME ON COURT DEADLINES FOR PARTIES TO SERVE DOCUMENTS AND FOR PLAINTIFF TO ANSWER AND SERVE COURT INTERROGATORIES (Doc. 16)**
>
> **FILED:** **February 11, 2020**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

The Plaintiff's sole attorneys, David V. Barszcz and Mary E. Lytle (collectively, "Counsel"), filed a motion seeking leave to withdraw as counsel because they have been unable to communicate with the Plaintiff, which has impaired the attorney-client relationship and made continued representation unfeasible. (Doc. 16 at ¶ 1 ("Motion")). In addition to seeking withdrawal, Counsel request that the Plaintiff be given sixty (60) days in which to retain substitute counsel, an

- 2 -

extension of the deadlines to exchange wage related documents, and for an extension of time for the Plaintiff to answer the Court's FLSA interrogatories until thirty (30) days after substitute counsel appears. (*Id*. at ¶ 3). Counsel state that they gave the Plaintiff ten-days' notice of their intent to withdraw in accordance with Local Rule 2.03(b). (*Id*. at ¶ 2). Further, Counsel certify pursuant to Local Rule 3.01(g) that none of the Defendants that have appeared object to their request to withdraw or the extension of deadlines. (*Id*. at 2).[1] However, the Defendants believe that the Plaintiff should only be given thirty days to retain substitute counsel. (*Id*.).

Upon consideration, Counsels' request to withdraw is well-taken. The Court will also provide a 30-day extension of the deadlines for the parties to exchange wage-related documents, and for the Plaintiff to file his answers to the Court's FLSA interrogatories. However, because the Plaintiff is an individual, he may proceed with this case *pro se* until he retains substitute counsel. Therefore, there is no need to provide a specific deadline for the Plaintiff to retain new counsel – he may do so at any point in time during the litigation – and there is no need to essentially stay the case while the Plaintiff searches for new counsel.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 16) is **GRANTED** as follows:

    a. Attorneys David V. Barszcz and Mary E. Lytle are granted leave to withdraw as the Plaintiff's counsel.

---

[1] The 3.01(g) certification states that Counsel conferred with counsel for the "Defendant." (Doc. 16 at 2). There are four defendants in this case, three of which have appeared through the same counsel (with one not yet appearing in the case). Since the defendants that have appeared are represented by the same counsel, the Court finds no issue with Counsels' 3.01(g) certification.

b. **Attorney Barszcz shall immediately, but no later than February 18, 2020,** send the Plaintiff a copy of this Order and the FLSA Scheduling Order (Doc. 7) via U.S. mail at his last known address.

c. **On or before February 19, 2020,** Attorney Barszcz shall file a notice with the Court certifying that this Order and the FLSA Scheduling Order (Doc. 7) have been mailed to the Plaintiff and the date of mailing.

d. The Plaintiff may retain substitute counsel at any time, but the Court will not delay the progress of this case for him to do so. The Plaintiff shall proceed *pro se* until such time he retains substitute counsel.

e. Until the Plaintiff retains substitute counsel, all future filings and papers in this case shall be served on him at the following address:

> Michael Gilbert
> 3825 Waterview Loop
> Winter Park, FL 32792

f. As a *pro se* litigant, the Plaintiff is subject to the same laws and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Middle District of Florida (the Local Rules).[2] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[2] All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules. The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's office. The Federal Rules of Civil Procedure are generally available for review at public libraries throughout the country and in the law libraries of state and federal courthouses.

    g. The Plaintiff shall keep the Court and opposing counsel apprised of his current residential mailing address. If the Plaintiff's address changes, for any reason, he shall <u>immediately</u> provide the Clerk, the Court, and opposing counsel with written notice of his new residential mailing address where he may be served with process, pleadings, motions, responses, or other papers in this case. **The failure to provide such notice may result in the entry of default**.

    h. **On or before March 19, 2020**, the parties shall exchange the wage related documents described in the FLSA Scheduling Order (Doc. 7).

    i. **On or before March 26, 2020**, the Plaintiff shall file his answers to the Court's FLSA Interrogatories (Doc. 7 at 5-6).

    j. **All other aspects of the FLSA Scheduling Order (Doc. 7) remain in full force and effect**.

2. The Motion (Doc. 16) is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2020.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties