**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIKE GILBERT,**

      **Plaintiff,**

**v.**                                            Case No:   6:19-cv-2412-Orl-37LRH

**COMFORT KEEPERS HOME CARE,**
**LLC, SODEXO, INC., SDX HOME CARE**
**OPERATION, LLC and CK**
**FRANCHISING, INC.,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    This matter comes before the undersigned after the deadline for the Plaintiff to respond to the April 3, 2020 Order to Show Cause (Doc. 20) passed without a response.

    The Plaintiff, through counsel, filed this action against the Defendants in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. (Doc. 1-1 ("Complaint")). The Plaintiff alleged that the Defendants violated the overtime provision of the Fair Labor Standards Act ("FLSA"). (*Id*.). In addition, the Plaintiff asserted a claim that the Defendants retaliated against him in violation of the FLSA. (*Id*.). The Defendants removed the action to this Court based on federal question jurisdiction. (Doc. 1).

    After the Defendants answered the Complaint, the Court entered an FLSA Scheduling Order on January 7, 2020. (Doc. 7). In that order, the Court set a deadline of February 19, 2020 for the Plaintiff to answer the Court's FLSA Interrogatories, which were attached to the scheduling order. (*Id*. at 2).

On January 16, 2020, the Plaintiff moved for a one-week extension of time to answer the Court's FLSA Interrogatories. (Doc. 8). The Court granted the motion setting the deadline to file answers to the Court's FLSA Interrogatories for February 25, 2020. (Doc. 13).

On February 11, 2020, the Plaintiff's counsel moved to withdraw. (Doc. 16). The Court granted the motion on February 14, 2020 and, since that date, the Plaintiff has proceeded *pro se*. (Doc. 17 ("Order")). In that same Order, the Court directed counsel to send the Plaintiff a copy of the Order and FLSA Scheduling Order and to file a notice with the Court certifying that those documents were mailed to the Plaintiff and the date of mailing. (*Id*. at 3). Also, the Court extended the deadline for the Plaintiff to file his answers to the Court's FLSA Interrogatories until March 26, 2020. (*Id*. at 4).

In accordance with the Order, the Plaintiff's now-former counsel filed a notice stating that on February 17, 2020 they mailed the Order and FLSA Scheduling Order to the Plaintiff at his last known address. (Doc. 18).

The Plaintiff did not file his answers to the Court's FLSA Interrogatories by March 26, 2020. Accordingly, on April 3, 2020, the undersigned entered an Order to Show Cause directing the Plaintiff to show cause in writing on or before April 24, 2020 why sanctions, including, but not limited to, the dismissal of this case, should not be imposed for failure to file answers to the Court's FLSA Interrogatories. (Doc. 20). I warned the Plaintiff that "failure to respond to th[e] order in the time provided may result in the dismissal of this case without further warning." (*Id*. at 2). The Order to Show Cause was mailed to the Plaintiff at his last known address on April 6, 2020 and there has been no indication that the mailing was returned as undeliverable.

As of the date of this report and recommendation, the Plaintiff has neither filed his answers to the Court's FLSA Interrogatories, nor has he responded to the Order to Show Cause, and the time

to do both has passed. When counsel was granted leave to withdraw, the Plaintiff was reminded that he was still required to comply with the laws and rules of the Court. (Doc. 17 at 3 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Despite having several opportunities to answer the Court's FLSA Interrogatories, the Plaintiff has failed to do so. The Plaintiff was given an opportunity to explain his inaction and was warned of the consequences of not responding to the Order to Show Cause. (*See* Doc. 20). The Plaintiff has ignored these warnings and again failed to comply with an order of the Court by not responding to the Order to Show Cause. The undersigned therefore recommends that the case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court orders.

2. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 29, 2020.

*[signature: Leslie R. Hoffman]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy